**ORIGINAL**

FILED

MAY - 1 2014

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANJA LJUTIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-182C |
| | ) | Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully moves to dismiss *pro se* plaintiff Sanja Ljustic's (plaintiff) two-page Complaint, which asserts grievances against the President of the United States and the United States for, among other things, "letting Jews destroy the country and the world" and "[f]or making me return to Bosnia" from the United States. Compl. at 1. Because the Complaint fails to confer this Court with subject matter jurisdiction and fails to state any claims plausibly entitling plaintiff to relief, it should be dismissed.

Under the Tucker Act, this Court has "jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, but it does not by itself confer a right to recovery. *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a "plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision."

*Vargas v. United States*, 114 Fed. Cl. 226, 231 (2014) (citing *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008)).

The plaintiff must produce preponderant evidence in support of its claim of jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). In ruling on a motion to dismiss under RCFC 12(b)(1), the Court must presume all undisputed factual allegations in the Complaint to be true and must resolve all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-19 (1982).

In order to avoid dismissal for failure to state a claim under RCFC 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a show of entitlement to relief." *Acceptance Ins. Companies, Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007)). The plaintiff's claim must be "plausible on its face." *Twombly*, 550 U.S. at 557.

Plaintiff's Complaint, which purports to be a "demand for action against the President of the United States, Barack Obama and his government," cannot survive a motion to dismiss under either RCFC 12(b)(1) or 12(b)(6). Although it refers to the "Fifth Amendment (Amendment V) to the United States Constitution," the Complaint does not identify any money-mandating provision upon which Tucker Act jurisdiction could be plausibly based. Rather, it simply lists four grievances (labeled "EVIDENCE") against the President that are scurrilous and unfounded on their face, none of which raise a fair inference of jurisdiction: (1) "letting Jews to destroy the country and the world"; (2) "making me return to Bosnia" from the United States and "harassing" plaintiff and her family; (3) "preferring one religion, nationality, under other [sic] and discriminating," and (4) "not acting when necessary to bring order in country in time when it

was necessary." Compl. at 2. Accordingly, plaintiff's Complaint should be dismissed under RCFC 12(b)(1). Likewise, because the Complaint fails to allege facts that could plausibly entitle plaintiff to relief, it should be dismissed under RCFC 12(b)(6). *Twombly*, 550 U.S. at 557.

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss the Complaint under Rule 12(b)(1) or, in the alternative, Rule 12(b)(6).

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

STEVEN J. GILLINGHAM
Assistant Director

s/ Alexander O. Canizares
ALEXANDER O. CANIZARES
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20005
Tele: (202) 305-3274
Fax: (202) 514-8624
Alexander.O.Canizares@usdoj.gov

May 1, 2014

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 1st day of May, 2014, I caused to be placed in the United States mail (first-class, postage prepaid), a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

SANJA LJUTIC
Skendera Kulenovica 3
78000 Banja Luka
Bosnia and Herzegovina
Europe

_____

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SANJA LJUTIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-182C |
| ) | Judge Damich |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of defendant's motion to dismiss and all other papers, it is hereby

ORDERED that the motion is granted,

ORDERED that plaintiff's complaint is dismissed with prejudice.

Dated: _____, 2014

_____
JUDGE