**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-182C

(Filed: June 10, 2014)

FILED

JUN 10 2014

U.S. COURT OF
FEDERAL CLAIMS

*************************************

| | |
|---|---|
| SANJA LJUTIC, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

*************************************

## ORDER OF DISMISSAL

On March 5, 2014, the Court received this *pro se* Complaint from Sanja Ljutic ("Ljutic"). In her Complaint, Ljutic brings multiple grievances against the President of the United States, none of which contain any factual elaboration. Among these four grievances, the Court cannot discern any cause of action over which it would have jurisdiction. Therefore, the Court hereby GRANTS Defendant's Motion to Dismiss.

While parties acting *pro se* are typically held to less stringent standards than professional lawyers, they are not excused for any failures that may arise in the complaint. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Under the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Although the Tucker Act waives the sovereign immunity of the United States for monetary damages, it is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Pursuant to a Motion to Dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must therefore presume all undisputed factual allegations in the Complaint to be true and must resolve all reasonable inferences in favor of the plaintiff. *Id.* at 747.

Turning to Ljutic's three-page Complaint, she lists four claims against the President of the United States. These claims, in her exact words, include:

1. For letting Jews to destroy the country and world, where he, alone The President, can take responsibility for currently crisis and destruction.
2. For making me to return to Bosnia, my birth country, and not letting me to live normally in the U.S.A. Continuing harassing me, my family and friends in Bosnia together with his wife Michelle Obama.
3. For preferring one religion, nationality, under other and discriminating.
4. For not acting in order to bring order in the country in time when it was necessary.

   (Based especially on The Fifth Amendment (Amendment V) to the United States Constitution)

Compl. at. 1.

These four grievances do not fall under Tucker Act jurisdiction as they seem to be based upon the President's oath of office and do not identify any money-mandating provision upon which jurisdiction could be based. *See* 28 U.S.C. § 1491(a)(1). One claim even appears to request that this Court act contrary to federal law and allow Ljutic to live in the United States illegally. The Court cannot do this.

While Ljutic cites to the Fifth Amendment to the United States Constitution as a basis for her complaint, and demands "action against the President of the United States, Barack Obama and his government," Compl. at 1, purely naming the Fifth Amendment is not enough to give rise to jurisdiction in this Court. *See Hornback v. United States*, 48 Fed. Cl. 792, 794 (2001) (citing *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 124-25 (1978)). This Court only has jurisdiction over the Takings Clause of the Fifth Amendment, which states that "private property [shall not be taken for] public use, without just compensation. U.S. CONST. amend. V. None of Ljutic's claims relate in any manner to the Takings Clause of the Fifth Amendment, therefore, this Court lacks subject matter jurisdiction over the Complaint.

Because this Court does not maintain jurisdiction of the Complaint, this court GRANTS Defendant's Motion to Dismiss under RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly, and to close the case.

EDWARD J. DAMICH
Senior Judge